Cole, Ch. J.
The evidence in this ease consists, on the part of the plaintiff, of the following, to wit: a decree that plaintiff be endowed of one undivided third part of the lot in controversy, rendered by the Dubuque district court, July 16, 1858, in an action therefor by Gatha/rvm Berry v. Allen Butler, who is defendant’s grantor, having received his conveyance May 4, 1864; testimony that plaintiff removed to California, prior to 1858, and has never since returned, and that Allen Butler resides in New York, and has never resided in Iowa. The defendant introduced the following: the petition for dower, under which the decree was rendered, filed April 23, 1858, stating that she was the widow of John Y. Berry, deceased, who died July 1, 1853, that during their marriage he was seized of the lot in controversy; that she had never relinquished dower; that Allen Butler was in possession and claimed title, and that she had that day demanded her dower, which he refused; the petition was signed by Wilson, Utley & Doud, as her attorneys; also a deed by John Y. Berry, conveying the lot to John and Thomas Benton, of date October 27,1845 ; a release of dower in the lot, of date December 5, 1859, 'signed, “ Catharine Berry, by her attorney, David S. Wilson ;” a conveyance, with warranty, of date December 1, 1859, by Platt Smith to Catharine Berry, of lot 227, in Ham’s addition to Dubuque, in consideration of her release *456 of dower in the lot in controversy; also testimony that in 1845 said lot 350 was worth from $50 to $100, and that in 1858 lot 224 was worth $300, and that defendant has bnilt a pretty good farm-house on lot 350, and lives in it; that Platt Smith was a grantee of lot 350 under Berry, and was grantor with warranty to Butler’s grantor; that he understood George L. Nightengale and David S. Wilson were acting for plaintiff, and he agreed with them to give lot 224 for the dower in lot 350, and being told by one or both that they had authority to make and accept the conveyances, they were executed and exchanged; but he never heard her say any thing about the matter. The release of dower and conveyance of lot 224 were duly recorded.
The plaintiff then testified that she never authorized, ratified or had any knowledge of the release of' dower in lot 350, or of the conveyance to her of lot 224, and she was ready to reconvey the latter to Platt Smith; and also introduced the testimony of David S. Wilson that he executed the release at the instance of George L. Nightengale, and never had any authority from plaintiff to do so, and never communicated the fact to her. This is all the evidence.
The release of dower having been executed without the authority, ratification or knowledge of the plaintiff, it could not bind her; and her offer and readiness to reconvey lot 224 relieves her from any equitable obligation even to now ratify such unauthorized release.
Having obtained a judgment establishing her right of dower against the then owner of the land, such right could not be defeated by the mere lapse of ten years’ time; it would require some adverse possession, at least, to toll her right, and none is shown.
Whether the plaintiff’s dower interest is simply the use of one-third for her life, or a fee; whether the same can be partitioned, or a sale may be necessary, are questions not now before us for determination, and upon which we do *457 not pass. We only determine that the plaintiff has a dower interest which has not been defeated by the release, nor by the lapse of time.
Reversed.